UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSALYN L. OLIAN, )
)
    Plaintiff, )
)
v. )
) No. 06 C 370
BOARD OF EDUCATION OF THE CITY OF )
CHICAGO, )
) Hon. Rebecca R. Pallmeyer
    Defendant. )

**PLAINTIFF'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Rosalyn Olian respectfully moves this Court for Judgment as a Matter of Law under Rule 50 of the Federal Rules of Civil Procedure.

**1.    The Board's Essential Duties Defense is Meritless.**

The defendant Board has argued that the hiring of a parent volunteer is not required under the ADA because it would transfer essential duties of classroom control and management to other employees, a requirement not imposed on it by the ADA.[1]

Indeed, Board Instruction No. 7, based on Seventh Circuit Model Jury Instruction 4.07 states in part: "A reasonable accommodation may include transferring non-essential job duties to another employee. However, Defendant does not have to transfer essential job duties." *US Ariways v. Barnett*, 535 U.S. 391, 403 (2002); *Ozlowski v. Henderson*, 237 F.3d 837, 841 (7th Cir. 2001).

In fact, the evidence shows that the essential duties of Mrs. Olian did not include the control of riotous students in her classes (JX01, p.8)[2], and that she had an absolute right to exclude them from her classes under Section 30-1 of the Union Contract (PX01) under the Teacher's Rights provisions of the Uniform Discipline Code (PX03).

There is no basis for the Board to argue that control of riotous students is an essential

---

[1] The Board relies upon *Peters v. City of Mauston*, 311 F.3d 835 (7th Cir. 2002) (Rehabilitation Act case) and *Hansen v. Henderson*, 233 F.3d 521 (7th Cir. 2000).

[2] The Board's job description for the Classroom Management requirements for a classroom teacher only states that a teacher must "[e]stablishe[] and maintain[] reasonable rules of conduct with the classroom consistent with the provisions of the Uniform Discipline Code." (*Id.*).

function of Mrs. Olian's job.

Plaintiff is entitled to judgment as a matter of law on this defense.

2. **The Board's failure to engage in the interactive process in 2001-2002 entitles plaintiff to judgment as a matter of law.**

The evidence has established without contradiction that the Board did not engage in the required interactive process when Mrs. Olian renewed her accommodation request in November 2001. (Testimony of R. Olian & J. Barillas).

The law is clear: While an employer's failure to engage in the interactive process or causing the process to breakdown **by itself** is insufficient to support employer liability. *Emerson v. N. States Power Co.*, 256 F.3d 506, 515 (7th Cir. 2001); *see also Rehling v. City of Chicago*, 207 F.3d 1009, 1015-16 (7th Cir. 2000), it is sufficient where the employee shows that the breakdown of the interactive process led to the employer's failure to provide a reasonable accommodation. *See id.* at 1016.

The evidence in this case shows that the breakdown in the interactive process 2001-2002 led to the Board's failure to provide a reasonable accommodation of any kind, including a parent helper, which the Board had provided to two other teachers, one disabled, and one non-disabled for the partial purpose of classroom security.

Plaintiff is entitled to judgment as a matter of law on its first claim for failure to accommodate.

3. **The Board's argument that providing a parent helper is not a reasonable accommodation is meritless.**

Finally, the Board has failed to show that providing a parent helper to deal with the non-essential duties of controlling riotous students is not a reasonable accommodation.

The evidence clearly establishes that providing parent helpers for the purposes of assisting teachers in classroom security was deemed by the Board to be a reasonable accommodation of disabilities. Such a parent volunteer was provided to another disabled teacher, and Mr. Barillas explicitly told the ADA Coordinator that use of parent volunteers in the classroom is OK.

In this case, providing a parent volunteer as an accommodation for Mrs. Olian's vocal

disability was entirely reasonable.

WHEREFORE, plaintiff respectfully requests entry of judgment in favor as a matter of law on these points.

Respectfully submitted,

　s/ Constantine John Gekas　　　
One of the attorneys for plaintiff

GEKAS & ASSOCIATES, LTD.
Suite 1700
Eleven South LaSalle Street
Chicago, Illinois 60603
(312) 726-4501
(312) 726-4505 (Fax)

# CERTIFICATE OF SERVICE

I certify that on June 16, 2008, I served a copy of the foregoing upon counsel for the defendant by the Court's EM/ECF electronic system, along with a copy of the documents referred to therein:

Kristin A. Lion
James J. Seaberry
Law Department
CHICAGO BOARD OF EDUCATION
125 South Clark Street, Suite 700
Chicago, IL 60603

                                                          s/ Constantine John Gekas